IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DONALD L. BROWN, | ) Civil Action No. 3:08-3470-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JON E. OZMINT; ROBERT E. WARD; | )**REPORT AND RECOMMENDATION** |
| ERNEST ROWE; DAVID CRISP; | ) |
| GEORGE T. HAGAN; KATHY HUDSON; | ) |
| JOHN R. PATE; MRS. HOGESS; AND | ) |
| DORIS P. POOLE, | ) |
| OFFICIAL AND INDIVIDUAL CAPACITY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on October 16, 2008.[1] At that time, he was an inmate at the Allendale Correctional Institution ("ACI") of the South Carolina Department of Corrections. He has since been released. See Doc. 45 (Plaintiff's Change of Address). On February 16, 2009, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on February 18, 2009 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on March 31, 2009.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d) and (e), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

## MOTION FOR PRELIMINARY INJUNCTION

On February 3, 2009, Plaintiff filed a motion for a preliminary injunction. He requests that he be transferred from SCDC to the Spartanburg County Detention Facility. Defendants contend that Plaintiff's motion should be denied because the calculation of his sentence is a matter of state law and he has failed to exhaust his available administrative remedies. Plaintiff filed a reply on March 4, 2009.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to

2

cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff's motion for a preliminary injunction should be denied because he has now been released from SCDC custody. He fails to show that he will suffer irreparable harm if an injunction is not granted and he fails to show that he will be successful on the merits of his claim (as discussed below).

## MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated because his criminal sentence on the charge of throwing of bodily fluids was calculated incorrectly. He also alleges that Defendants have violated South Carolina law under §§ 24-13-40, 24-13-210, and 24-26-20(A)(iii).[2] He asks for monetary damages and to be released from SCDC custody. Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff did not completely exhaust his administrative remedies; (2) his claim is not properly before this Court as claims for jail time on State sentences must be decided by State courts; (3) Defendants cannot be sued under § 1983 in their official capacities;[3] (4) Defendants are entitled to qualified immunity; and (5) Plaintiff is not entitled to double credit for time served.

---

[2]Section 24-13-40 concerns the computation of time served by a prisoner. Section 24-13-210 concerns the computation of good-time credits and section 24-26-20 outlines the duties and responsibilities of the members of the South Carolina Sentencing Guidelines Commission. See S.C. Code Ann. §§ 24-13-40, 24-13-210, and 24-26-20.

[3]Plaintiff cannot assert a claim for monetary damages against the State or a State official acting in an official capacity under § 1983. See Lapadis v. Board of Regents, 535 U.S. 613, 617 (2002); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

On October 24, 2006, Plaintiff was sentenced, by the Court of General Sessions for Spartanburg County, to two consecutive terms of imprisonment. The first was a 3-year sentence for Burglary-3rd Degree and a concurrent 3-year sentence for Assault and Battery of a High and Aggravated Nature ("ABHAN"). Prior to sentencing, Plaintiff accrued 596 days of jail time credit which was applied to his first sentence. The second term of imprisonment was for a separate 3 years to run consecutive to the sentence for Burglary and ABHAN. This sentence was based on an offense that occurred while Plaintiff was detained at the Spartanburg County Detention Facility awaiting trial on the ABHAN and burglary charges. On the charge of throwing bodily fluids, Plaintiff received a 5-year sentence (to run consecutive to the Burglary and ABHAN sentence), provided that upon the service of 3 years, the remaining 24 months of the sentence would be served on probation. Credit pursuant to § 24-13-40 was ordered.[4] See George Hagan Aff., Ex. A (sentencing sheets).

1. **Exhaustion of Remedies - § 1983 Claims**

Defendants contend that this action should be dismissed because Plaintiff did not completely exhaust his available administrative remedies. Plaintiff, in his opposition memorandum, appears to concede that he did not exhaust his administrative remedies, but argues that such failure should be excused because Defendants failed to comply with their own policies as they did not timely respond to his grievance.

---

[4]This section provides, in applicable part:
The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence...In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing.
S.C. Code Ann. § 24-13-40.

4

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

SCDC inmates must, within 15 days of an occurrence giving rise to a complaint, make an attempt to informally resolve the complaint by submitting a request to staff member form or by discussing the complaint with the appropriate supervisor. If the inmate is not able to resolve his complaint informally, he can complete a Step 1 grievance form and submit it to the institutional Inmate Grievance Coordinator ("IGC"). After an investigation, the IGC provides a written response to the inmate on the Step 1 form. If unsatisfied with the decision, the inmate can complete a Step 2 grievance form which is sent to the Inmate Grievance Branch at SCDC headquarters for independent review and investigation. After investigation and review, the Inmate Grievance Branch places its decision on the Step 2 form and it is returned to the inmate. If an inmate is still unsatisfied he may seek administrative review in the South Carolina Administrative Law Court ("ALC"). See George T. Hagan ("Hagan") Aff.[5]

In late 2007, Plaintiff was transferred to ACI. Kathy Hudson ("Hudson"), the ACI Classification Claims Manager, met with Plaintiff and explained SCDC's calculation of his projected release date. Plaintiff disagreed with the calculation and Hudson contacted Branch Classification

---

[5]Hagan is Warden of ACI. Hagan Aff., Para. 3.

Officer Ernest Rowe at SCDC Headquarters and asked him to clarify and confirm that the sentence calculation was correct. Hudson provides that Rowe confirmed that the sentence was calculated correctly because Plaintiff did not start his sentence on the throwing bodily fluids charge until he completed his sentence for burglary and ABHAN, which sentence he completed while in SCDC custody (such that there was no jail time credit to be applied to the sentence for throwing bodily fluids). Hudson Aff., Paras. 3-8.

On June 25, 2008, Plaintiff filed a Step 1 grievance form complaining about the application of his sentence credits. Anne Hallman, the SCDC Area Grievance Coordinator, investigated Plaintiff's claims. Warden Hagan responded in writing to the Step 1 grievance. Libby Priester, ("Priester"), ACI's IGC, personally served the Warden's response upon Plaintiff and provided him with a Step 2 Grievance Form. Plaintiff did not accept Warden Hagan's response and filed a Step 2 grievance on August 29, 2008. Defendants provide that the SCDC Grievance Branch had not completed its work on Plaintiff's Step 2 grievance as of February 10, 2009. Mary Coleman ("Coleman") Aff.; Hallman Aff.; Priester Aff. and Exhibit A (copy of Step 2 grievance); Hagan Aff., Exs. B and C (copies of Step 1 and 2 grievances).

Here, Plaintiff did not exhaust his administrative remedies prior to filing this action. A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir.2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."),

overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) (a prisoner may not exhaust administrative remedies during the pendency of the federal suit); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

Although Plaintiff appears to argue that his failure to exhaust his administrative remedies should be excused because Defendants did not timely respond to his Step 2 grievance, this argument fails. The requisite amount of time after filing a grievance with SCDC had not passed prior to Plaintiff filing this action.[6] Here, Plaintiff's Step 2 grievance was received on August 29, 2008.

---

[6] An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. The Court may take judicial notice of SCDC Policy GA-01.12. As noted in Jones v. Kay, No. 07-3480, 2007 WL 4292416 (D.S.C. December 05, 2007), the time limits of this policy are summarized as follows:

> (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3) the Warden should respond to the grievant in writing within forty (40) days; (4) the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

(continued...)

Plaintiff filed this action prior to the expiration of the 65 day time period (60 days to respond, plus 5 days to serve grievant) for SCDC to respond.[7] See Coleman Aff., Ex. A (SCDC Policy/Procedure GA-01.12 Inmate Grievance System).[8]

### 2. **Calculation of Sentence - Exhaustion of Remedies**

Defendants contend that Plaintiff's claim is not properly before this Court as claims for jail time on State sentences must be decided by State courts. The requested relief of a correction of a max-out or release date may be obtained only in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). If

---

[6](...continued)
The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. See SCDC Policy GA-01.12 (Inmate Grievance System)(Attachment to Coleman Aff.).

[7]Plaintiff's complaint was also filed less than 114 days from the time Plaintiff's Step 1 grievance was signed by Plaintiff (on June 25, 2008) and/or stamped as received by SCDC (June 30, 2008).

[8]To the extent that Plaintiff makes a claim concerning the validity of his sentence, his claim may be barred by Heck v. Humphrey, 512 U.S. 477 (1994)(where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based). In certain cases where a criminal defendant is no longer able to pursue habeas relief, he would not necessarily be barred by Heck from pursuing a remedy under § 1983. See Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008). Plaintiff, who apparently is on parole, has not alleged that he is no longer able to do so.

Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action.[9]

**CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 27) be **denied** and that Defendants' motion for summary judgment (Doc. 28) be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

July 27, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[9] Plaintiff should also note that a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. See Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973). There is no indication here that Plaintiff received a final decision from SCDC or appealed the final SCDC decision pursuant to the South Carolina Administrative Procedures Act ("APA"), S.C.Code Ann. § 1-23-310 through § 1-23-400. See Al-Shabazz v. South Carolina, 527 S.E.2d 742, 754-756 (S.C. 2000). Under the APA, if an inmate is not satisfied with the agency's final decision, the prisoner must first file an appeal with the South Carolina ALC. See S.C.Code Ann. § 1-23-380; Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35, 37-38 (S.C. 2007) (ALC had jurisdiction over loss of good-time credits which inmate was unable to earn due to reprimand for a rule infraction); see also Dicks v. South Carolina Dep't of Corr., No. 06-663, 2006 WL 1207851 (D.S.C. May 2, 2006). Here, there is no indication that Plaintiff filed an appeal with the ALC.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).